# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by her Guardian Ad Litem SIRENA NILO, SIRENA NILO and JOSEPH QUEEN individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; and KAWEAH DELTA HEALTH CARE DISTRICT D.B.A. KAWEAH DELTA MEDICAL CENTER,<br><br>Defendants.<br>_____/ | Case No. 1:19-cv-00728-AWI-SKO<br><br>FINDINGS AND RECOMMENDATIONS GRANTING THE PETITION FOR MINOR'S COMPROMISE OF M.S., A MINOR<br><br>(Doc. 24) |

## I. INTRODUCTION

On December 12, 2019, following an all-day mediation, Plaintiffs settled their claims against Defendant United States of America. (*See* Doc. 24 at 3.) On January 23, 2020, Plaintiff/Petitioner Sirena Nilo ("Nilo") filed a "Notice and Petition for Approval of Compromise of Claim of Minor" for Plaintiff M.S., a Minor ("Minor's Petition"). (Doc. 24.) Nilo is the mother and the court-appointed guardian *ad litem* of Minor Plaintiff M.S. ("Minor Plaintiff"). (*See* Doc. 8.)

The undersigned has reviewed the Minor's Petition and supporting documents and

determined that this matter is suitable for decision without oral argument pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 230(g). For the reasons set forth below, the undersigned recommends that the Minor's Petition be granted and the settlement approved.

## II. BACKGROUND

Sirena Nilo, individually and on behalf of M.S. (a minor) and Joseph Queen (collectively "Plaintiffs") filed the complaint against Defendant United States of America on May 23, 2019. (Doc. 1.) On May 31, 2019, the Court appointed Nilo as the guardian *ad litem* for her daughter M.S. (Doc. 8.) On August 15, 2019, Plaintiffs amended their complaint to add Kaweah Delta Health Care District dba Kaweah Delta Medical Center ("Kaweah Delta") as a defendant. (Doc. 14.)

Plaintiffs bring claims under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671, alleging damages for medical negligence arising from the careless and negligent care and treatment of Nilo from her healthcare providers in connection with her prenatal, labor and delivery of Minor Plaintiff M.S. (*See generally* Doc. 14.) According to the operative pleading, the prenatal care was provided at Tulare Altura Centers for Health, a federally-funded healthcare center. (*See id*. ¶¶ 2–3.) The labor and delivery occurred on November 22, 2017, at Kaweah Delta. (*See id*. ¶¶ 1, 12.) Christian Borberg, M.D. was Nilo's physician during her prenatal course as well as her labor and delivery of M.S. (*See id.* ¶ 10.) Dr. Borberg was an employee of Tulare Altura Centers for Health and deemed to be covered by the United States of America for the allegations asserted in the operative complaint. (*See id*. ¶ 4.) Plaintiffs allege that as a result of the negligence of Defendants, Minor Plaintiff M.S. suffered permanent and severe left brachial plexus paralysis (weakness of her left upper extremity). (*See id.* ¶¶ 11–12, 17.) Her mother Nilo alleges she suffered vaginal injuries and emotional distress. (*See id.* ¶¶ 12, 19, 21.) The father, Joseph Queen, alleges he suffered emotional distress. (*See id*. ¶¶ 23.)

On November 15, 2019, Plaintiffs produced Minor Plaintiff for an independent medical exam before Kimberly BeDell M.D., so Defendant United States could fully evaluate Minor Plaintiff's current injuries. (*See* Doc. 24 at 3.) On December 12, 2019, all parties attended an all-day mediation before the Honorable Joe Hilberman (Ret.) at ADR Services in Los Angeles, CA.

(*See id.*) At the conclusion of mediation Plaintiffs and Defendant United States were able to come to a compromise of this matter. (*See id.*) The case settled for $750,000.00 between the United States and all three plaintiffs subject to the specific terms set forth in the settlement agreement, the approval of this petition for minor's compromise being one of them.

The parties have agreed that $700,000 of the settlement funds be distributed to the Minor Plaintiff, and $50,000 be distributed to Plaintiffs Nilo and Queen. (*See id.* at 3–4; Declaration of Carl A. McMahan ("McMahan Decl.") ¶ 5.) Out of the $700,000 to be distributed to the Minor Plaintiff, 25 percent, or $175,000 is allocated for attorney's fees (*see* 28 U.S.C. § 2678); $7,669.00 is allocated for costs; and approximately $22,080.81 is allocated to satisfy a Medi-Cal lien.[1] (*See id.*; McMahan Decl. ¶¶ 8–9.)

The parties have further agreed that the remaining portion of the Minor Plaintiff's settlement proceeds, $495,250.19, will be used by Defendant United States to purchase an annuity contract from a life insurance company with at least an A+ or A++ rating by A.M. Best Company rating service for the benefit of the Minor Plaintiff. (*See* Doc. 24 at 4; McMahan Decl. ¶ 6.) Following the purchase of the annuity contract by Defendant United States, the life insurance company will make the following periodic payments to the Minor Plaintiff:

1. Monthly payments in the sum of One Thousand Dollars ($1,000.00), beginning on or about July 1, 2036 (age 19), for four years (48 payments) certain;

2. Annual payments in the sum of Forty Thousand Dollars ($40,000.00), beginning on or about July 1, 2036 (age 19), for four years (4 payments) certain;

3. Monthly payments in the sum of One Thousand Five Hundred Seventy-Five Dollars ($1,575.00), beginning on or about November 22, 2035 (age 18) for thirty years (360 payments) certain, and continuing thereafter for the life of the Minor Plaintiff. (*See* Doc. 24 at 4.)

---

[1] The Medi-Cal lien has not yet been negotiated or finalized. (*See* McMahan Decl. ¶¶ 10, 11; Doc. 24 at 15. Plaintiffs' counsel is currently in the process of negotiating said lien with the Department of Healthcare Services. Once the lien is negotiated, Petitioner requests that any discounted amount be provided to Nilo and Queen as part of their settlement. (*See* McMahan Decl. ¶ 10.)

3

This proposed annuity provides a college fund and an expected lifetime payout of $1,665,275.00 to the Minor Plaintiff. (*See* Doc. 24 at 4; McMahan Decl. ¶ 6.)

On December 20, 2019, Defendant United States filed a "Notice of Settlement Between Plaintiffs and the United States Only," indicating that it had settled the action with Plaintiffs and would seek approval of the minor's compromise pursuant to Local Rule 202(b) and a good faith determination of the settlement pursuant California Code of Civil Procedure 877 within 30 days. (Doc. 21.) On January 23, 2020, Defendant United States filed its motion for good faith settlement determination (Doc. 25), and Petitioner Sirena Nilo filed the Minor's Petition currently before the Court (Doc. 24).

### III. DISCUSSION

**A. Legal Standard for Compromise of Minor's Claim**

As a derivative of Federal Rule of Civil Procedure 17(c), district courts have a special duty to safeguard the interests of litigants who are minors. Rule 17(c) provides, in pertinent part, that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978) (internal citation marks omitted)).

In *Robidoux*, the United States Court of Appeals for the Ninth Circuit provided specific guidance "on how to conduct this independent inquiry." *Robidoux*, 638 F.3d at 1181. While the Ninth Circuit noted that district courts have typically applied state law and the local rules governing the award of attorney's fees to make the reasonableness and fairness determination, the court held that "this approach places an undue emphasis on the amount of attorney's fees provided for in a settlement, instead of focusing on the net recovery of the minor plaintiffs under the proposed agreement." *Id*. The Ninth Circuit held that, instead, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in

4

similar cases." *Id.* at 1181-82. Further, the fairness of each minor plaintiff's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078).

Local Rule 202(b) sets forth that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." Local Rule 202(b)(2) further provides in pertinent part that an application for approval of a settlement of a minor:

> shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

**B.     Terms of the Compromise Settlement**

Defendant United States' settlement offer to Plaintiffs of $750,000 was accepted, which includes payment of attorney's fees and costs. (Doc. 24 at 3–4.) The settlement is inclusive of all claims against Defendant United States; the case against Defendant Kaweah Delta remains pending. (*See* McMahan Decl. ¶ 7.) Plaintiffs and their counsel have proposed the following disbursements from the settlement amount: $700,000 to Minor Plaintiff and $50,000 to the parents Nilo and Queen, collectively. (*See* Doc. 24 at 3–4; McMahan Decl. ¶ 5.) The Minor Plaintiff has a Medi-Cal lien of approximately $22,080.81. (*See id.*; McMahan Decl. ¶¶ 8–9.) Plaintiffs' counsel recorded costs associated with this litigation of $7,669.00. (*See* Doc. 24 at 4, 9, 19–20; McMahan Decl. ¶ 9.) Plaintiffs' counsel is seeking an award of attorney's fees at 25 percent of the settlement sum. (*See* Doc. 24 at 3, 5; McMahan Decl. ¶¶ 8, 16.)

Thus, after deducting attorney's fees, costs, and the approximate lien amount from the Minor Plaintiff's share, her remaining settlement proceeds total $495,250.19, which will be used by Defendant United States to purchase an annuity contract from a life insurance company with at least an A+ or A++ rating by A.M. Best Company rating service for the benefit of the Minor Plaintiff.

5

(*See* Doc. 24 at 4; McMahan Decl. ¶ 6.) The net disbursement to Plaintiffs Nilo and Queen is $50,000 collectively. (*See* Doc. 24 at 3–4; McMahan Decl. ¶ 5.)

The Minor's Petition sets forth that Minor Plaintiff M.S. is a minor child and is currently two years old. (*See* Doc. 24 at 4.) Sirena Nilo is the mother and guardian ad litem for the Minor Plaintiff. (*See id*.) The Minor's Petition presents the facts and circumstances of the case and indicates the manner in which the settlement was reached. (*See id*. at 3; McMahan Decl. ¶¶ 4–5.) The court must thus determine whether the amounts allocated for the Minor Plaintiff is reasonable and fair.

**C.     The Reasonableness and Fairness of the Settlement Amount**

In *Robidoux*, the Ninth Circuit directed district courts considering the compromise of a minor's claim to examine the fairness and reasonableness of the net settlement amount in view of the facts of the case, the minor's specific claim, and the recovery in similar cases. *Robidoux*, 638 F.3d at 1181–82.

Here, Plaintiffs filed this action in the middle of 2019, and the facts of the case have been thoroughly investigated and developed over the course of the litigation.[2] The settlement was reached following an independent medical examination of the Minor Plaintiff and after a day-long mediation. (*See* Doc. 24 at 3; McMahan Decl.¶ 5.) Settling the claims at this stage of the litigation allows for certainty of recovery for the Minor Plaintiff, as opposed to uncertainty related to dispositive motions or an unfavorable verdict at trial. Moreover, as the case against Kaweah Delta remains pending, there is a possibility of obtaining further recovery for the Minor Plaintiff by way of settlement or judgment. (*See* McMahan Decl. ¶ 7.)

The undersigned notes that the Minor Plaintiff's settlement amount of $700,000 will satisfy an approximately $22,080.81 Medi-Cal lien that was imposed as a result of the Minor Plaintiff's medical care to treat her injury. (*See* McMahon Decl. ¶ 10; Doc. 24 at 15–17.) After deducting

---

[2] An action arising out of the same operative facts as alleged here was filed in November 2018 in Tulare County Superior Court against Kaweah Delta and Dr. Borberg. The United States subsequently removed the state case to federal court in May 2019, case no. 19-cv-00594-AWI-SKO, and moved to dismiss it based on Plaintiffs' failure to exhaust administrative remedies. In turn, Plaintiffs filed a new complaint against the United States after the exhaustion period expired, case no. 19-cv-00728-DAD-SKO. On June 5, 2019, the Court granted the motion to dismiss as to the United States and remanded the case no. 19-cv-00594-AWI-SKO to state court. Plaintiffs in this action (19-cv-00728-DAD-SKO) responded by filing a First Amended Complaint against the United States and added Kaweah Delta as a defendant.

attorney's fees, costs, and the approximate lien amount from the Minor Plaintiff's share, her remaining settlement proceeds total $495,250.19, which will be used by Defendant United States to purchase an annuity contract from a life insurance company with at least an A+ or A++ rating by A.M. Best Company rating service for the benefit of the Minor Plaintiff. (*See* Doc. 24 at 4; McMahan Decl. ¶ 6.) This proposed annuity provides a college fund and an expected lifetime payout to the Minor Plaintiff of $1,665,275.00. (*See id.*) In effect then, the settlement provides the Minor Plaintiff with an individualized recovery over the course of her lifetime and it also covers the medical expenses she incurred as a result of the alleged incident. The undersigned has also examined at least one case with similar factual allegations and finds that the recovery to the Minor Plaintiff in this case is commensurate with the minor's compromise that was approved in that similar case. *See, e.g., Bravo v. United States*, No. 1:14-cv-01004-DAD-JLT, 2016 WL 3418450, at *3 (E.D. Cal. June 22, 2016) (approving a net recovery of $97,980.48 to a minor plaintiff for claims alleging that the during labor and delivery the minor plaintiff suffered a right brachial plexus paralysis).

The undersigned also agrees that the attorney's fees here are properly capped at 25%. *See Brewington v. United States*, No. CV-13-07672-DMG (CWx), 2015 WL 4511296, at *7 (C.D. Cal. July 24, 2015) (The Medical Injury Compensation Reform Act of 1975 ("MICRA") applies to medical malpractice cases in California brought under the FTCA, but "[a]ttorney's fees are limited to a maximum of 25% of any recovery.") (citing 28 U.S.C. § 2678). The undersigned further finds that an award of $7,669.00 to cover Plaintiffs' counsel's costs in litigating this matter is reasonable. As confirmed by Plaintiffs' counsel's declaration, these costs include costs associated with the taking of sixteen depositions in this action mediation costs, filing fees, costs associated with service of process, costs associated with the obtaining of copies of medical records, and other reasonable costs. (*See* McMahan Decl. ¶ 9; Doc. 24 at 19–20.)

Based upon the information provided in the Minor's Petition and considering the totality of the facts and circumstances of this case, the undersigned finds the settlement is fair, reasonable, and in the best interests of the Minor Plaintiff.

///

# IV. FINDINGS AND RECOMMENDATIONS

Based upon the foregoing, it is hereby RECOMMENDED:

1. The Petition for Approval of Compromise of Claim of Minor Plaintiff M.S. (Doc. 24) be GRANTED;

2. The proposed settlement between Minor Plaintiff M.S. and Defendant United States apportioning $700,000 of the $750,000 total settlement to the Minor Plaintiff be APPROVED as fair and reasonable;

3. Attorney's fees in the sum of $175,000.00 (25%) and costs advanced of $7,669.00, to be deducted from the Minor Plaintiff's settlement fund, be GRANTED;

4. The Minor Plaintiff's net recovery after deduction of the Medi-Cal lien and attorney's fees and costs is $495,250.19, which SHALL be used by Defendant United States to purchase an annuity contract from a life insurance company with at least an A+ or A++ rating by A.M. Best Company rating service for the benefit of the Minor Plaintiff. Following purchase of the annuity contract by Defendant United States, the life insurance company SHALL make the following periodic payments to Minor Plaintiff M.S.:

    a) Monthly payments in the sum of One Thousand Dollars ($1,000.00), beginning on or about July 1, 2036 (age 19), for four years (48 payments) certain;

    b) Annual payments in the sum of Forty Thousand Dollars ($40,000.00), beginning on or about July 1, 2036 (age 19), for four years (4 payments) certain; and

    c) Monthly payments in the sum of One Thousand Five Hundred Seventy-Five Dollars ($1,575.00), beginning on or about November 22, 2035 (age 18) for thirty years (360 payments) certain, and continuing thereafter for the life of Minor Plaintiff M.S.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

Local Rules of Practice for the United States District Court, Eastern District of California. Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 3, 2020**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE