# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by her Guardian Ad Litem SIRENA NILO, SIRENA NILO and JOSEPH QUEEN individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; and KAWEAH DELTA HEALTH CARE DISTRICT D.B.A. KAWEAH DELTA MEDICAL CENTER,<br><br>Defendants.<br>_____/ | Case No. 1:19-cv-00728-SKO<br><br>ORDER GRANTING MOTION FOR GOOD FAITH SETTLEMENT DETERMINATION, DISMISSING DEFENDANT UNITED STATES, AND REMANDING CASE TO STATE COURT<br><br>(Doc. 25) |

## I. INTRODUCTION

Before the Court is Defendant United States of America's Motion for Good Faith Settlement, filed January 23, 2020 (the "Motion"). (Doc. 25.) No opposition was filed by the non-moving parties. Defendant United States filed a reply in support of the Motion on February 24, 2020. (Doc. 29.)

The undersigned has reviewed the Motion and reply in support and determines that this matter is suitable for decision without oral argument pursuant to the Local Rules of the United

States District Court, Eastern District of California, Rule 230(g).

For the reasons set forth below, the Court GRANTS the unopposed Motion, dismisses Defendant United States, and remands the case to the Tulare County Superior Court.

## II. BACKGROUND

Plaintiff Sirena Nilo, individually and on behalf of Plaintiff M.S., a minor ("Minor Plaintiff") and Plaintiff Joseph Queen (collectively "Plaintiffs") filed a complaint against Defendant United States of America on May 23, 2019. (Doc. 1.) On May 31, 2019, the Court appointed Nilo as the guardian *ad litem* for her daughter M.S. (Doc. 8.) On August 15, 2019, Plaintiffs amended their complaint to add Kaweah Delta Health Care District dba Kaweah Delta Medical Center ("Kaweah Delta") as a defendant.[1] (Doc. 14.)

Plaintiffs bring claims under the Federal Tort Claims Act ("FTCA") 28 U.S.C. § 2671, alleging damages for medical negligence arising from the care and treatment of Plaintiff Nilo from her healthcare providers in connection with her prenatal, labor and delivery of Minor Plaintiff M.S. (*See generally* Doc. 14.) According to the operative pleading, the prenatal care was provided at Tulare Altura Centers for Health, a federally-funded healthcare center. (*See id*. ¶¶ 2–3.) The labor and delivery occurred on November 22, 2017, at Kaweah Delta. (*See id*. ¶¶ 1, 12.) Christian Borberg, M.D. was Nilo's physician during her prenatal course as well as her labor and delivery of M.S. (*See id.* ¶ 10.) Dr. Borberg was an employee of Tulare Altura Centers for Health and deemed to be covered by the United States for the allegations asserted in the operative complaint. (*See id*. ¶ 4.) Plaintiffs allege that as a result of the negligence of Defendants, Minor Plaintiff M.S. suffered permanent and severe left brachial plexus paralysis (weakness of her left upper extremity). (*See id.* ¶¶ 11–12, 17.) Her mother Plaintiff Nilo alleges she suffered vaginal

---

[1] An action arising out of the same operative facts as alleged here was filed in November 2018 in Tulare County Superior Court against Kaweah Delta and Christian Borberg, M.D. The United States subsequently removed the state case to federal court in May 2019, case no. 19-cv-00594-AWI-SKO and moved to dismiss it based on Plaintiffs' failure to exhaust administrative remedies. In turn, Plaintiffs filed a new complaint against the United States after the exhaustion period expired, case no. 19-cv-00728-DAD-SKO. On June 5, 2019, the Court granted the motion to dismiss as to the United States and remanded the case no. 19-cv-00594-AWI-SKO to state court. Plaintiffs in this action (19-cv-00728-DAD-SKO) responded by filing a First Amended Complaint against the United States and added Kaweah Delta as a defendant.

injuries and emotional distress. (*See id.* ¶¶ 12, 19, 21.) The father, Plaintiff Queen, alleges he suffered emotional distress. (*See id*. ¶¶ 23.)

On November 15, 2019, Plaintiffs produced Minor Plaintiff for an independent medical exam before Kimberly BeDell, M.D., so Defendant United States could fully evaluate Minor Plaintiff's current injuries. (*See* Doc. 24 at 3.) On December 12, 2019, all parties attended an all-day mediation before the Honorable Joe Hilberman (Ret.) at ADR Services in Los Angeles, CA. (*See id*.) At the conclusion of mediation, Plaintiffs and Defendant United States were able to come to a compromise of this matter. (*See id*.) The case settled for $750,000 between the United States and all three plaintiffs as follows: the parties have agreed that $700,000 of the settlement funds be distributed to the Minor Plaintiff, and $50,000 be distributed to Plaintiffs Nilo and Queen. (*See* Doc. 25 at 1; Doc. 24 at 3–4)

On December 20, 2019, Defendant United States filed a "Notice of Settlement Between Plaintiffs and the United States Only," indicating that it had settled the action with Plaintiffs and would seek approval of the minor's compromise pursuant to Local Rule 202(b) and a good faith determination of the settlement pursuant California Code of Civil Procedure 877 within 30 days. (Doc. 21.) On January 23, 2020, Plaintiff/Petitioner Sirena Nilo filed a petition for approval for compromise of the Minor Plaintiff's claims, (Doc. 24), and Defendant United States filed the motion for good faith settlement determination currently before the Court (Doc. 25). On February 24, 2020, the then-assigned presiding district judge adopted the undersigned's findings and recommendations granting the petition for approval of the compromise of the Minor Plaintiff's claims.[2] (Doc. 30.) That same day, Defendant United States filed a reply in support of the Motion, noting no opposition had been made. (*See* Doc. 29.)

### III. LEGAL STANDARD

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal.

---

[2] The parties have since consented to magistrate judge jurisdiction. (*See* Docs. 27, 30.)

3

Civ. Pro. § 877. As a check on the validity of settlement agreements that might affect joint tortfeasors not a party to the settlement, California law further requires the court to make a determination that a settlement has been entered in good faith before that settlement can become final. *See* Cal. Civ. Proc. Code § 877.6. Section 877.6 allows a party to a proposed settlement to move the court for an order making such a determination.[3] *See id*. That section provides further that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."[4] *See* Cal. Civ. Proc. Code § 877.6(c).

A good faith settlement is one within "the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal.3d 488, 499 (1985). To determine whether a proposed settlement fits that description, the court should consider: (1) a rough approximation of the settlor's proportionate liability; (2) the amount of the settlement; (3) the fact that a settlor should pay less in settlement that the amount of damages for which the settlor would be liable at trial; (4) the financial condition of the settling defendant and insurance policy limits, if any; (5) allocation of the settlement proceeds among the plaintiffs; and (6) the existence or absence of any collusion, fraud or tortious conduct aimed to injure the interests of any non-settling defendants. *Id*. at 499–500. The court assesses these factors "on the basis of the information available at the time of settlement." *Id*. at 499.

Ultimately, "a defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." *Torres v. Union Pacific R.R. Co*., 157 Cal.App.3d 499, 509 (1984). The court should

---

[3] Although section 877.6 is a procedural statute, not a substantive statute, the Ninth Circuit has determined that there is no federal procedural impediment to a district court's entertaining "a motion for an early determination of the good faith question," and so such a motion can be properly brought before the court. *Federal Savings and Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990).

[4] These provisions apply to Plaintiffs' claims here, which arise under the FTCA. FTCA actions are governed by the substantive law of the state in which the "act or omission occurred." *Delta Sav. Bank v. United States*, 265 F. 3d 1017, 1025 (9th Cir. 2001). In accordance with this rule, the Ninth Circuit has applied Section 877 to settlement of claims arising under the FTCA. *Owen v. United States*, 713 F.2d 1461, 1462 (9th Cir. 1983).

4

approve even a contested settlement, unless there is a showing "that the settlement is so far out of the ballpark in relation to these factors to be inconsistent with the equitable objectives of the statute." *Tech-Bilt*, 38 Cal.3d at 499–500. The burden of proving that a settlement between the parties was not made in good faith is on the non-settling tortfeasor. Cal. Civ. Pro. § 877.6(d).

## IV. DISCUSSION

Defendant United States seeks a court order determining that the settlement agreement was entered by the parties in good faith and barring any present or potential joint tortfeasor from bringing any future claims against it. The Court finds that the six factors outlined by the *Tech-Bilt* court counsel in favor of approving the proposed settlement.

### 1. Rough Approximation of the Settlor's Proportionate Liability and the Amount of the Settlement

Defendant United States contends it will raise numerous affirmative defenses to liability in this medical malpractice action, supported by expert reports disputing Plaintiffs' claims that (a) the standard of care required a C-section in this case due to the mother's prior shoulder dystocia delivery, and (b) the doctor failed to utilize the maneuvers required by the standard of care to safely deliver the child once shoulder dystocia occurred. (*See* Doc. 25-1 at 7.) With respect to damages, under California law, the defendant's "good faith will not be determined by the proportion his settlement bears to the damages of the claimant. For damages are often speculative, and the probability of legal liability therefore is often uncertain or remote." Stambaugh v. Superior Court, 62 Cal.App.3d 231, 239 (1976). Rather, courts are to examine whether the settlement is grossly disproportionate to what a reasonable person at the time of settlement would estimate the settlor's liability to be. *City of Ground Terrace v. Sup. Ct.*, 192 Cal. App. 3d 1251, 1262, (1987).

Here, Defendant United States asserts that, under the FTCA, Plaintiffs cannot recover more than the $1,000,000 amount claimed in their administrative tort claim. By its own terms, the FTCA bars actions for damages in excess of the administrative claim in all but two circumstances, neither of which appear to apply here. *See* 28 U.S.C. § 2675(b). Thus, Plaintiffs' recovery against Defendant United States is capped at $1,000,000.

Defendant United States also challenges Plaintiffs' claimed medical special damages, pointing to evidence, as set forth in the contemporaneously-filed petition for approval of the compromise of the Minor Plaintiff's claims, showing (a) Plaintiffs receive Medicaid, (b) the Minor Plaintiff's prior surgery and therapies totaled around $20,000, and (c) the Minor Plaintiff's condition has apparently improved with surgery and physical therapy. (*See* Doc. 24, Declaration of Carl A. McMahan ("McMahan Decl.") ¶ 10; Doc. 24 at 11–17). Plaintiffs also bear the burden of demonstrating at trial that it is "reasonably certain" that the Minor Plaintiff has lost any future earnings as a result of her shoulder condition, *see Walden v. United States*, 31 F. Supp. 2d 1230, 1235 (S.D. Cal. 1998), which may be unlikely given her age and prognosis. Finally, as Defendant United States points out, a shoulder injury is not the type of circumstance that warrants recovery at the top end ($250,000) of California's Medical Injury Compensation Reform Act of 1975 ("MICRA") cap on non-economic damages.

Given these facts, the Court finds that the proposed settlement amount of $750,000, 75% of Plaintiffs' maximum recovery at trial is reasonable, especially given the nature of Minor Plaintiffs' injury and prognosis, and that the amount roughly approximates Defendant United States' proportion of potential liability in this case.

**2.   Settlor Should Pay Less in Settlement Than at Trial**

As set forth more fully in the undersigned's findings and recommendations that the petition for approval of the compromise of the Minor Plaintiff's claims be granted (Doc. 26), Plaintiffs filed this action in the middle of 2019, and the settlement was reached after facts of the case had been thoroughly investigated and developed over the course of the litigation and following an independent medical examination of the Minor Plaintiff. (*See id*. at 6.) Having expended such time and money, the settling party, Defendant United States, now seeks to avoid continued expenses and a possible expensive trial. Moreover, settling the claims at this stage of the litigation allows for certainty of recovery for Plaintiffs, as opposed to uncertainty related to dispositive motions or an unfavorable verdict at trial; and, as the case against Kaweah Delta remains pending, there is a possibility of obtaining further recovery for Plaintiffs by way of settlement or judgment.

Accordingly, the Court finds the amount of the settlement reasonable, given the fact that settling-defendant is allowed to receive a discount by settling, rather than proceeding to trial.

### 3. The Financial Condition of the Settling Defendant and Insurance Policy Limits

Here, although there is no insurance coverage applicable to the incident, there is no evidence that Defendant United States would be unable to satisfy a judgment, as any amount would be paid by the United States Treasury Judgment Fund. Accordingly, this factor counsels in favor of approving the proposed settlement.

### 4. Allocation of the Settlement Among the Plaintiffs

Defendant United States and Plaintiffs agreed that $700,000 of the settlement funds be distributed to the Minor Plaintiff, and $50,000 be distributed to Plaintiffs Nilo and Queen. (*See* Doc. 24 at 3–4; McMahan Decl. ¶ 5.) As previously found by the Court in approving the Minor Plaintiff's compromise (*see* Docs. 26, 30), this allocation is reasonable.

### 5. Collusion, Fraud or Tortious Conduct

*Tech-Bilt* instructs that courts are to consider the existence or absence of any collusion, fraud or tortious conduct aimed to injure the interests of any non-settling defendants. The facts presented show that the settlement here was reached through arms-length negotiations: the settlement was reached following an independent medical examination of the Minor Plaintiff and after a day-long mediation. (*See* Doc. 26 at 6.) Thus, the settlement appears to have been made in absence of collusion, fraud, or tortious conduct, and no party has made allegations to the contrary—indeed, the non-settling defendant, Kaweah Delta, did not oppose the Motion. Accordingly, this factor counsels in favor of approving the proposed settlement.

In sum, application of the *Tech-Bilt* factors demonstrates that the proposed settlement is a good faith settlement under California law. Moreover, the Court finds that the settlement is neither "grossly disproportionate" to a reasonable estimate of Defendant United States' liability, nor is the settlement "so far out of the ballpark" to the *Tech-Bilt* factors that it is inconsistent with the objectives of section 877.

Accordingly, the Court hereby bars any present or potential joint tortfeasor from bringing any future claims against this settling defendant for equitable contribution or partial or comparative indemnity based on comparative negligence or comparative fault.

## V. REMAND

This Court's jurisdiction over this case is based on 28 U.S.C. § 1346(b), which vests exclusive jurisdiction in district courts for claims against the United States. (*See* Doc. 14 at ¶ 5.) Because Plaintiffs' claims against Defendant United States are hereby settled, and shall therefore be dismissed, it is no longer a party to this action. The only claims that remain are state law claims against Defendant Kaweah Delta, over which the Court declines to retain supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction over a pendent state law claim where the court has dismissed all claims over which it has original jurisdiction); *Foster v. Wilson*, 504 F.3d 1046, 1051–52 (9th Cir. 2007); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1147–48 (9th Cir. 2003). Neither Plaintiffs nor Defendant Kaweah Delta dispute that remand is appropriate if the United States is dismissed. (*See* Doc. 27 at 2.) Accordingly, this case shall be remanded to the Tulare County Superior Court.

## VI. ORDER

Based upon the foregoing, it is hereby ORDERED:

1. Defendant United States' unopposed Motion for Good Faith Settlement (Doc. 25) is GRANTED;
2. All claims against Defendant United States having been resolved, Plaintiffs' claims against the United States are DISMISSED and it is no longer a party to this action;
3. This action is REMANDED forthwith to the Tulare County Superior Court; and
4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: __**March 12, 2020**__  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE